Krause v. Guarantee Title & Trust Co.

# MORTGAGES—COUNTERCLAIM AND SET-OFF—PLEADING.

[Cuyahoga (8th) Circuit Court, May 31, 1910.]

Henry, Marvin and Winch, JJ.

YETTA KRAUSE v. GUARANTEE TITLE & TRUST CO. ET AL.

MONEY JUDGMENT CANNOT BE ASKED IN CROSS PETITION IN FORECLOSURE PROCEEDING.

Personal judgment can not be recovered by a cross petitioner in a foreclosure suit, under Gen. Code 11306 or 11317, notwithstanding the cross petitioner holds an express lien on the same land upon which the plaintiff is seeking to foreclose.

[Proof of this decision and syllabus has been submitted to Judge Henry and corrected.]

ERROR to common pleas court.

*Toland & Pearson, F. Higley, V. C. Leslie,* for plaintiff in error.

*Thompson & Hine, Ulmer & Bernstein, F. Desberg, V. H. Burke, Griswold & White,* for defendant in error.

## HENRY, J.

The judgment and decree of the court below in this mortgage foreclosure case must be so modified as to eliminate the personal judgments for money that were rendered upon cross petitions filed therein.

Gen. Code 11306 (R. S. 5058) provides that:

"The plaintiff may unite several causes of action in the same petition, whether they are such as have heretofore been denominated legal or equitable, or both, when they are included in either of the following classes:

"1.   The same transaction.

"2.   Transactions connected with the same subject of action. * * *

"8.   Claims to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien."

Cuyahoga County.

It is to be presumed that paragraph 8, above quoted, is not a mere needless repetition of what is already included under paragraphs 1 and 2.

When therefore in Gen. Code 11317 (R. S. 5069), the legislature in defining a counterclaim uses substantially the same language as that contained in said paragraphs 1 and 2, and omits such language as is contained in paragraph 8, the conclusion would seem to follow, that it designedly excluded the joinder in a cross petition of a counterclaim for foreclosure with one for a money judgment, unless there is some other reason for such joinder. But be that as it may, it cannot ordinarily be said that merely because a defendant's claim for money is secured by an express lien on the same land as that to which the plaintiff's lien attaches, a cross petition praying for a money judgment on such claim asserts a cause of action in favor of such defendant "arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action" so brought by the plaintiff. The defendant's lien on the same land undoubtedly may give rise to a cause of action so connected; but a cause of action arising on the claim for money secured by such lien is wholly unconnected with any cause of action asserted by the plaintiff in foreclosure.

The judgment below will therefore be modified as stated, and as so modified, affirmed.

**Marvin** and **Winch, JJ.,** concur.